UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRISTY MARIE MARTINEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:07CV2001 RWS(LMB) |
| CYNDI PRUDDEN, | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Kristy Marie Martinez for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted. (Doc. No. 8). Petitioner has filed a Traverse. (Doc. No. 10).

**Procedural History**

Petitioner is presently incarcerated at Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Charles County, Missouri. See Resp't Ex. A at 7-8. On March 12, 2004, petitioner pled guilty to first degree robbery, armed criminal action, and attempted robbery. See id. at 9-50. She was sentenced to twenty years on the first degree robbery count, ten years on the armed criminal action count, and twelve years on the attempted robbery count. See id.

1

On August 5, 2004, petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of St. Charles County, Missouri, pursuant to Missouri Supreme Court Rule 24.035. See id. at 54-64. On January 18, 2005, after appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. See id. at 68-89. Petitioner first argued that there was no factual basis for the first degree robbery, armed criminal action, or attempted robbery charges. See id. Petitioner next argued that her plea was involuntary because plea counsel coerced her into pleading guilty, and that trial counsel stated to petitioner that she was not prepared for trial. See id. On April 25, 2006, the motion court denied petitioner's motion for post-conviction relief in all respects without an evidentiary hearing. See id. at 94-98. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 104-06.

In her appeal from the denial of post-conviction relief, petitioner first argued that the motion court erred in denying her claim because there was no factual basis for her guilty plea to first degree robbery. See Resp't Ex. B. Petitioner next argued that the motion court clearly erred in denying her motion because there was no factual basis for her guilty plea to attempted robbery and armed criminal action. See id. Petitioner finally argued that the motion court clearly erred in denying her motion because she was coerced into pleading guilty by her plea counsel when plea counsel informed her that she was not prepared for trial and that petitioner could receive up to one hundred years imprisonment on the armed criminal action charge. See id. On March 27, 2007, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the motion court. See Resp't Ex. D.

2

On December 3, 2007, petitioner, pro se, filed the instant petition for a writ of habeas corpus, raising the following grounds for relief: (1) there was no factual basis for her guilty plea to first degree robbery; (2) there was no factual basis for her guilty plea to attempted robbery and armed criminal action; and (3) plea counsel coerced her into pleading guilty by telling her that she was not prepared for trial and that petitioner could receive up to one hundred years imprisonment on the armed criminal action count; and the motion court erred in denying her an evidentiary hearing on her motion. (Doc. No. 1). On February 13, 2008, respondent filed a Response to Order to Show Cause, in which respondent argues that petitioner's claims fail on their merits. (Doc. No. 8).

I. **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the

3

Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413, 120 S.Ct. 1523. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 522.

## II. Petitioner's Claims

As previously stated, petitioner raises three grounds for relief. The undersigned will address each ground for relief in turn.

### 1. Ground One

In her first ground for relief, petitioner argues that there was no factual basis for her guilty plea to first degree robbery. Specifically, petitioner claims that the State did not specify what type of dangerous weapon petitioner used.

Petitioner raised this claim in her post-conviction relief motion and on appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows with regard to

4

petitioner's claim:

> [Petitioner] was charged with first degree robbery pursuant to Section 569.020. Section 569.020.1 provides:
>
>> A person commits the crime of robbery in the first degree when he [or she] forcibly steals property and in the course thereof he [or she], or another participant in the crime,
>> (1) Causes serious physical injury to any person; or
>> (2) Is armed with a deadly weapon; or
>> (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
>> (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.
>
> [Petitioner] states in her guilty plea that she threatened her victim with "the use of a weapon on him." This was sufficient to satisfy the elements of first degree robbery. Clearly, there were facts which supported the guilty plea and [petitioner] is not entitled to an evidentiary hearing. Point denied.

Resp't Ex. D at 4.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the [petitioner's] representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). A state court's factual findings regarding the plea are presumed to be correct so long as they are fairly supported by the record. See Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994).

The record refutes petitioner's claim. At the plea hearing, the State provided the following factual basis:

> On or about September the 22nd, 2003, in this county, State of Missouri, you

5

forcibly stole a quantity of U.S. currency in the possession of a person named Leroy Harris. In the course thereof, you threatened immediate use of a dangerous instrument against Leroy Harris.

Resp't Ex. A at 13. The following colloquy later occurred between petitioner and the court:

[THE COURT]: Tell me in your own words exactly what you did?

[PETITIONER]: I can't really remember the dates, but first I went to the man's house and I went in and I threatened him.

[THE COURT]: Do you know that man's name?

[PETITIONER]: No, sir, I don't.

[THE COURT]: Okay.

[PETITIONER]: And he gave me the money that he had and I left.

[THE COURT]: What do you mean you threatened him?

[PETITIONER]: I threatened him.

[THE COURT]: What did you threaten to do?

[PETITIONER]: I didn't specifically say. I just threatened the use of a weapon on him.

[THE COURT]: You said what?

[PETITIONER]: I didn't specifically tell him what, I just threatened him, you know, give me the money or else, you know. I did not specifically say what I would do.

[THE COURT]: Okay.

[PETITIONER]: And he was scared and he did give me the money and then a while later, I don't remember the date, I went to the lady's house.

Id. at 23.

Petitioner stated that she threatened the use of a weapon against the victim in order to

force him to give her money. Id. This colloquy at the plea hearing is sufficient to establish a factual basis for the guilty plea.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**2.    Ground Two**

In her second ground for relief, petitioner argues that there was no factual basis for her guilty plea to one count of attempted first degree robbery and one count of armed criminal action. Specifically, petitioner contends that the State did not establish that the knife's blade was longer than four inches, that she used the knife in a threatening manner, or that it was readily capable of causing serious injury.

Petitioner raised the same claim in her post-conviction relief motion and on appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> This Court has already addressed this argument in Martin v. State, 187 S.W.3d 335 (Mo. App. E.D. 2006). In Martin, the movant argued there was no factual basis for his guilty plea of robbery and armed criminal action. The movant claimed the definition of "knife" pursuant to Section 571.010(10) should apply, requiring the State to prove the knife blade was more than four inches long. Id. at 340.
> This Court found that Section 571.010(10) "does not apply to the armed criminal action statute." Id. Instead, the definitions of "dangerous instrument" and "deadly weapon" found in Section 556.061 are applicable. Id. A "dangerous instrument" is "...any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Section 556.061(9). The movant in Martin argued he never used the knife and therefore, it could not be a dangerous instrument. This Court disagreed. "A knife used in a threatening manner is a dangerous instrument." Martin, 187 S.W.3d at 341 (*citing* State v. Jackson, 865 S.W.2d 678, 680 (Mo. App. E.D. 1993)).
> Similarly, in the instant case, [petitioner] argues the State failed to prove the knife she used was greater than four inches in length or that it was capable of inflicting serious physical injury or death. [Petitioner] admitted at the plea hearing that she took a knife off

7

of her second victim's kitchen counter. While she was holding the knife, she told the victim she needed money. When the victim had no money to give [petitioner], the victim offered her jewelry and a VCR. It is clear the 58 year old victim felt threatened by the presence of [petitioner] in her house while holding a kitchen knife to her throat and demanding money. It is apparent there was a factual basis for each charge, established by the record, which refutes [petitioner's] claims in her post-conviction motion. Point denied.

Resp't Ex. D at 5.

At the plea hearing, the State described the elements of petitioner's crime as follows:

> The next charge is a B felony of attempt to commit the offense of robbery, or it is charged on October the 10th, 2003, a short time later, in this county and in the State of Missouri, you attempted to forcibly steal a quantity of U.S. currency and such conduct was a substantial step towards the commission of a crime of robbery in the first degree at a residence located at 1113 Lakeshore Drive, that's one word, in St. Charles, Missouri. In the course thereof, you used a dangerous instrument and you showed this dangerous instrument for the purpose of committing the robbery. That means you didn't quite get the currency, but you tried to.
> ***
> Now, Count IV is a charge of armed criminal action. The charge is that on or about, this is an unclassified felony. It is charged on October the 10th, 2003, in the County of St. Charles, State of Missouri, that the defendant committed the felony of attempted robbery in the first degree that was charged that I just read to you the attempt. All allegations of which are incorporated herein. So all of the things I just told you are also included in this and that you knowingly committed that foregoing felony of attempted robbery in the first degree. And you did so by and through the usual, assistance and aid of a dangerous instrument.

Resp't Ex. A at 6-7. Petitioner later discussed the charges as follows with the court:

[PETITIONER]: ...[A] while later, I don't remember the date, I went to the lady's house.

[THE COURT]: This is another person?

[PETITIONER]: Yes, and I asked her if I could use the phone and I went in and I was like I need some money. And I had gotten a knife off of her counter and because she was being so nice to me and she didn't have any money and she kept offering me things and I didn't need it, I needed money. And she offered me jewelry and her VCR, and I kept telling her that I needed money and she was saying I know that you don't want to do this, this is drugs. I know you don't want to do this and she scared me because I couldn't believe she was being nice to me when I was doing that and I left.

8

> [THE COURT]: Did you tell her to give you money?
>
> [PETITIONER]: Yes, I did. She didn't have any.
>
> [THE COURT]: Did you have the knife at the time that you were telling her this?
>
> [PETITIONER]: Yes, I did.

Id. at 22-23.

The record reveals that petitioner admitted having a knife while she was demanding money from the victim. As such, a factual basis for the charges of attempted first degree robbery and armed criminal action was established by the record.

Petitioner argues that the State did not establish that the knife's blade was longer than four inches. The Missouri Court of Appeals rejected this claim, holding that Missouri law did not require the State to prove that the knife blade was more than four inches long. See Resp't Ex. D at 5. "[I]n habeas corpus proceedings, it is not within [the federal courts'] province to 'reexamine state-court determinations on state-law questions." Johnston v. Luebbers, 288 F.3d 1048, 1056 (8th Cir. 2002) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991)). Thus, this court lacks authority to review the state court's decision that the State was not required to prove that the knife blade was more than four inches long.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**3.    Ground Three**

In her third ground for relief, petitioner argues that plea counsel coerced her into pleading guilty by telling her that she was not prepared for trial and that petitioner could receive up to one hundred years imprisonment on the armed criminal action count. Petitioner also claims that the

9

motion court erred in denying her an evidentiary hearing on her motion

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that her attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that she was prejudiced by her attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. 2067. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689, 104 S. Ct 2065).

Petitioner raised this claim in her post-conviction relief motion and on appeal from the denial of post-conviction relief. The Missouri Court of Appeals cited Strickland and held as follows:

> [Petitioner] claims she did not receive effective assistance of counsel because she was pressured into pleading guilty because her counsel told her she did not have time to prepare for a trial. However, the trial court questioned [petitioner] regarding her satisfaction with her counsel's representation. The trial court asked if [petitioner] was satisfied with the services counsel rendered. The trial court further inquired whether counsel fully investigated her case, interviewed all witnesses, did everything asked of her, did anything not wanted, did anything improper, and explained the charges against [petitioner]. Additionally, the trial court asked whether [petitioner] had any complaint

10

against counsel. [Petitioner] responded to every question that she was pleased with her counsel's representation and she had no complaints. "A movant who repeatedly assured the court that she is satisfied with her counsel's performance is later barred from obtaining post-conviction relief based on ineffective assistance of counsel." Golliday v. State, 203 S.W.3d 258, 261 (Mo. App. S.D. 2006).

Further, [petitioner] states she felt coerced by counsel to accept the plea when counsel informed her she could receive up to one hundred years' imprisonment on the armed criminal action charge. "Counsel has a basic duty to discuss with a defendant the possible consequences involved in the case, including the range of possible punishment." Morales v. State, 104 S.W.3d 432, 435 (Mo. App. E.D. 2003). In this case, counsel discussed with [petitioner] possible sentencing if she were convicted on the armed criminal action charge. "The armed criminal action has no statutorily mandated maximum penalty, and, therefore, a defendant may be sentenced to any term of years above the minimum, including life imprisonment." Martin, 187 S.W.3d at 341. Since [petitioner] was charged with two counts of armed criminal action in addition to first degree and attempted robbery, counsel was not ineffective for informing her of the possibility of a lengthy sentence. Point denied.

Resp't Ex. D at 7-8.

At the plea hearing, the court questioned petitioner regarding the voluntariness of her plea:

> THE COURT: Has anyone made any promise to you in order to induce you to enter this plea of guilty?
>
> [PETITIONER]: No.
>
> THE COURT: Has anyone threatened or coerced you in order to get you to enter this plea of guilty?
>
> [PETITIONER]: No, sir.
>
> THE COURT: Do you understand that by entering this plea of guilty here today, that you are waiving and giving up any right that you would have to a trial?
>
> [PETITIONER]: Yes, sir.

Resp't Ex. A at 21. At sentencing, the court questioned petitioner as follows regarding the services of plea counsel:

> THE COURT: Are you fully and completely satisfied with the services that she has

rendered to you as your attorney in this case?

[PETITIONER]: Yes.

THE COURT: Has she investigated your case fully?

[PETITIONER]: Yes.

THE COURT: Has she interviewed all witnesses that you have told her about?

[PETITIONER]: Yes.

THE COURT: Has she done everything that you have asked her to do?

[PETITIONER]: Yes, she has.

THE COURT: Has she done anything that you have not wanted her to do?

[PETITIONER]: No.

THE COURT: Has she done anything improper in your opinion?

[PETITIONER]: I don't know.

THE COURT: Has she explained to you the charges that have been brought against you and discussed with you what possible defenses that you might have to these charges?

[PLEA COUNSEL]: I don't know if you want to put this off. I don't know if she can answer these questions at this time.

THE COURT: Can you answer this or would you like me to put this off until next week?

[PETITIONER]: No, no.

[PLEA COUNSEL]: You want to proceed?

[PETITIONER]: Yes.

THE COURT: Has she explained to you the charges and discussed with you what possible defenses you might have to these charges?

[PETITIONER]: Yes.

THE COURT: Do you have any complaint of any kind whatsoever that you would make

12

against her, if you do, now would be the time to make it, not later?

[PETITIONER]: No.

Id. at 47-49.

The decision of the state court was not contrary to or an unreasonable application of clearly established federal law. The record reveals that petitioner indicated that no one coerced her to plead guilty, she was satisfied with the services counsel had rendered, and that she had no complaint of any kind against counsel. The Missouri Court of Appeals further held that counsel was not ineffective in informing petitioner of the possibility of a one hundred year sentence, as the armed criminal action charge carried no maximum penalty. The state court properly held that counsel was not ineffective in advising petitioner regarding the range of possible punishment.

Petitioner also argues that the motion court erred in denying her an evidentiary hearing on her post-conviction relief motion. "[A]n infirmity in a state-post conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). This rule is founded on the principle that there is no constitutional right to a state post-conviction proceeding and irregularities which occur therein do not rise to the level of constitutional violations. See Pennsylvania v. Finley, 481 U.S. 551, 557, 106 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987); Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). Thus, petitioner's claim is not cognizable in this action.

In addition, in a post-conviction proceeding, where it is clear from the record that no violation of the defendant's constitutional rights has occurred, no evidentiary hearing is necessary. Mo. S. Ct. Rule 29.15(h).

Accordingly, the undersigned recommends that petitioner's third ground for relief be

denied.

## III. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in her petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Kristy Marie Martinez for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  4th  day of February, 2011.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE